# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant for Defendant on Pretrial Release

**Name of Defendant:** Gilberto Perez III (English)     **Dkt. No.:** 15CR3117H-001

**Reg. No.:** 51567-298

**Name of Judicial Officer:** The Honorable Marilyn L. Huff, U.S. District Judge (matter referred to the Honorable Mitchell D. Dembin, U.S. Magistrate Judge)

**Date Conditions Ordered:** November 23, 2015, before the Honorable Mitchell D. Dembin, U.S. Magistrate Judge

**Charged Offense:** 8:1324(a)(2)(B)(iii) - Bringing in Aliens Without Presentation

**Conditions of Release:** *Standard Conditions:* Not commit a federal, state, or local crime during the period of release, make all court appearances; travel restricted to the Southern District of California; do not enter Mexico; report to Pretrial Services Agency (PSA) as directed by the assigned Pretrial Services Officer and pay for the reasonable costs of supervision in an amount determined by PSA and approved by the Court; not possess or use any narcotic drug or controlled substance as defined in 21 USC Section 802, without a lawful medical prescription; not possess any firearm, dangerous weapon or destructive device during the pendency of the case; read, or have explained, and acknowledge understanding of the Advice of Penalties and Sanctions Form; provide a current residence address and phone number prior to release and keep it current while case is pending. *Special Conditions:* submit to treatment and/or testing, at the discretion of the pretrial officer assigned to your case, for psychiatric or psychological counseling; actively seek and maintain full-time employment, schooling, or combination of both; reside at a residence approved by PSA; may visit family in Tijuana with prior approval of PSA; must make an effort toward GED; reside in a halfway house or sober living facility that is approved by PSA; if defendant has a medical marijuana card he is to surrender it to PSA; defense counsel to notify PSA upon submission of bond paperwork; defendant to be released from custody directly to PSA the following business day by 10:00 a.m. and PSA to transport if needed.

**Modification**: On January 26, 2016, at the request of Pretrial Services, the conditions of release were modified by your Honor to include treatment and/or testing, at the discretion of PSA, for drugs.

**Date Released on Bond:** November 25, 2015

**Next Court Hearing:** June 20, 2016, for sentencing

**Asst. U.S. Atty.:** Stacey H. Sullivan          **Defense Counsel:** L. Marcel Stewart (Appointed)
         (619) 557-5610                                          (619) 702-4123

**Name of Defendant:** Gilberto Perez III                                                            April 11, 2016
**Docket No.:** 15CR3117H-001                                                                               Page 2

**Prior Violation History:** On January 26, 2016, a petition was submitted to your Honor in response to the defendant submitting a random urine specimen at the sober living program which screened positive for the use of marijuana. Although drug testing was not imposed as a condition of release at that time, the sober living program rules prohibit the use of controlled substances, and as such the program collects random urinalysis. At that time, Pretrial Services requested the conditions of release be modified to include drug testing and/or treatment, and your Honor concurred.

On February 8, 2016, a petition was submitted to your Honor in response to the defendant submitting a random urinalysis on January 26, 2016, which confirmed positive for the use of marijuana, failing to report for random drug testing on February 1, 2016, and failing to return to the sober living program on February 6, 2016. An Order to Show Cause Hearing was requested, and your Honor concurred. On February 16, 2016, the order to show cause hearing was held before your Honor and the defendant admitted to the allegations contained in the petition. The defendant was ordered continued on bond and warned that any further violation behavior would not be tolerated.

On March 1, 2016, a petition was submitted to your Honor in response to the defendant being terminated from Next Step Sober Living. A warrant was requested. Your Honor ordered the defendant be given a Notice to Appear that same date at 1:30 p.m. The defendant appeared as required; however, defense counsel, Marcel Stewart, was unavailable. The defendant was ordered to reside at Correctional Alternatives, Inc. (CAI) pending a further Bond Revocation Hearing scheduled for March 8, 2016. On March 8, 2016, the defendant was ordered to continue to reside at CAI. In addition, allegation #1 of the petition was dismissed (on February 19, 2016, the defendant submitted a urine specimen which confirmed positive for the use of marijuana).

On March 10, 2016, a petition was submitted to your Honor in response to the defendant submitting a urine specimen on February 26, 2016, which confirmed positive for the use of marijuana. An interpretation letter from Alere Toxicology Services reported new marijuana use between the specimens collected on February 19, 2016, and 26, 2016. Pretrial Services recommended action be held in abeyance in lieu of the defendant's residence at CAI and his compliance with that program.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT IN ORDER TO BRING THE DEFENDANT TO COURT TO SHOW CAUSE WHY HIS BOND SHOULD NOT BE REVOKED.**

The Pretrial Services officer believes that the defendant has violated the following condition(s) of pretrial release:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)** Do not possess or use any narcotic drug or other controlled substance as defined in 21 U.S.C.§ 802, without a lawful medical prescription | 1. The defendant used a controlled substance as evidenced by a urine specimen submitted by the defendant on February 26, 2016, which confirmed positive for the use of marijuana. |

*Grounds for Revocation:*

During the Post Release Intake Interview, the undersigned and the defendant reviewed the Order and Conditions of Pretrial Release signed by your Honor on November 23, 2015, which direct the defendant to "not possess or use any narcotic drug or other controlled substance as defined in 21 U.S.C.§ 802, without a lawful medical prescription." The undersigned also reviewed Pretrial Release Reporting Instructions which direct the defendant to "not possess or use any narcotic drug or other controlled substance as defined in 21 U.S.C.§ 802, without a lawful medical prescription." The reporting instructions were signed by both the defendant and the undersigned.

On February 16, 2016, an Order to Show Cause Hearing was held before your Honor in response to the defendant's continued use of marijuana. At that time, the defendant was ordered to discontinue his use of marijuana and not use marijuana while on bond.

On February 26, 2016, the defendant submitted a random urinalysis which confirmed positive for the use of marijuana. On March 9, 2016, Pretrial Services received an interpretation letter from Alere Toxicology Services, Inc., which reported new marijuana use between the specimens collected on February 19, 2016, and February 26, 2016.

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)** | |
| Submit to treatment and/or testing, at the discretion of the pretrial officer assigned to your case, for drugs. | 1. The defendant failed to report for random drug testing on April 8, 2016. |

*Grounds for Revocation:*

On January 29, 2016, the undersigned and the defendant reviewed amended Pretrial Release Reporting Instructions, signed by the defendant on that date, which direct the defendant to "submit to treatment and/or testing, at the discretion of the pretrial officer assigned to your case, for drugs."

The undersigned reviewed the Federal Pretrial Drug Testing Instructions signed by the defendant on January 29, 2016, which direct the defendant to call the drug testing number nightly to determine whether he is required to test the following day.

On April 8, 2016, the defendant failed to report for random drug testing. A review of COMPLY, the automated system used to schedule and monitor random drug testing, indicated the defendant called the testing line as required on April 7, 2016, at 9:07 p.m., and was directed to report for random drug testing the following day. On April 8, 2016, while on lockdown at CAI in response to a positive breathalyzer submitted on April 7, 2016 (see allegation #3 below), the defendant advised staff he needed to leave CAI to report for random drug testing as required by Pretrial Services. The defendant was permitted to leave

CAI on that date for random drug testing. However, the defendant did not report for random drug testing as required.

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)** | |
| Reside at Correctional Alternatives, Inc. | 2. The defendant was terminated from Correctional Alternatives, Inc., on April 11, 2016. |

### *Grounds for Revocation:*

The undersigned reviewed the Order and Conditions of Pretrial Release signed by your Honor on March 1, 2016, which direct the defendant to "reside at Correctional Alternatives, Inc."

On April 11, 2016, the undersigned was notified by Leann King, Case Manager Supervisor, Correctional Alternatives, Inc., that the defendant was being terminated from CAI effective immediately. According to Ms. King, the defendant returned to the facility on Thursday evening, April 7, 2016, and submitted a breathalyzer as is required of all residents upon return to the program. The results of the breathalyzer were .03. The defendant advised staff the positive result was in response to his use of mouthwash. However, fifteen minutes later, the breathalyser result continued to be .03. Further, according to Ms. King, upon orientation into CAI, the defendant had in his possession mouthwash, which was taken from him, and he was told the use of mouthwash is not allowed while residing at CAI. Ms. King states as a result, the defendant was aware the use of mouthwash is a rule violation, and further that the continued .03 breathalyzer result fifteen minutes apart indicates the use of alcohol.

Ms. King has agreed to allow the defendant to remain at CAI on lockdown pending the issuance of a warrant by your Honor.

### **SUPERVISION ADJUSTMENT**

The defendant's adjustment to supervision is assessed as poor. The defendant used a controlled substance while on bond and while residing in a sober living program which prohibits the use of controlled substances. The defendant sustained rule violations at the sober living program, including being gone overnight from the program without permission, and was ultimately terminated from that program due to confrontational behavior toward program staff and the continued use of marijuana. Following that termination, the defendant was placed at CAI. He has now been terminated from that program in response to the use of a substance prohibited by that program's rules.

### **RECOMMENDATION/JUSTIFICATION**

Pretrial Services respectfully requests the issuance of a warrant in order to bring the defendant before the court and he be ordered to show cause why his bond should not be revoked.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** April 11, 2016

Respectfully submitted:
LORI A. GAROFALO
CHIEF PRETRIAL SERVICES OFFICER

by _____
Amber Michaelis
U.S. Pretrial Services Officer
(619) 446-3745
Place: San Diego, California

Reviewed and approved:

_____
Anthony Ortiz
Supervising U.S. Pretrial Services Officer

**THE COURT ORDERS:**

__X__   **AGREE**, issue a no bail bench warrant in order to bring the defendant before the court and he be ordered to show cause why his bond should not be revoked.

_____   Other _____

_____
The Honorable Mitchell D. Dembin
U.S. Magistrate Judge

**4:40 PM, Apr 11, 2016**
Date